NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3491
_____

UNITED STATES OF AMERICA

v.

JAMES ABNEY,
a/k/a *DOOCS",
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-14-cr-00070-005)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 17, 2022

Before: HARDIMAN, SMITH and FISHER, *Circuit Judges*.

(Filed: September 1, 2022)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Abney, appearing pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying a motion for compassionate release. Because that decision was not an abuse of discretion, we will affirm.[1]

In 2015, Abney pleaded guilty to charges of racketeering in violation of 18 U.S.C. § 1962(d) and conspiracy to distribute more than five kilograms of cocaine and 280 grams of cocaine base in violation of 18 U.S.C. § 371.[2] The District Court sentenced Abney to 160 months' imprisonment and three years of supervised release.[3]

On August 7, 2020, Abney filed a motion for reduction of his sentence by 72 months under 18 U.S.C. § 3582(c)(1)(A)(i). Abney based his motion on his susceptibility to COVID-19 due to his multitude of health issues.[4] The District Court held that, although there were "extraordinary and compelling reasons" potentially justifying a modification of Abney's sentence,[5] his motion failed when considered against the factors set out in 18 U.S.C. § 3553(a).[6] Abney makes three principal arguments on appeal. We

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 (offenses against the United States). We have jurisdiction under 28 U.S.C. § 1291 (final decision). "We . . . review a district court's decision to deny a compassionate-release motion for abuse of discretion." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

[2] Plea Agreement at 1–2, *United States v. Abney*, No. 1:14-cr-00070-YK-5 (M.D. Pa. Aug. 21, 2015).

[3] Judgment at 3–4, *United States v. Abney*, No. 1:14-cr-00070-YK-5 (M.D. Pa. Mar. 14, 2019).

[4] Application for Modification of Sentence at 9, *United States v. Abney*, No. 1:14-cr-00070-YK-5 (M.D. Pa. Aug. 7, 2020).

[5] 18 U.S.C. § 3582(c)(1)(A)(i).

[6] *United States v. Abney*, No. 1:14-cr-00070-YK-5, at 7–11 (M.D. Pa. Sept. 29, 2020) (order).

will address each in turn.

Abney first argues that the District Court erred because it "based its decision on the original sentencing criteria, not post-sentencing evidence."[7] However, the District Court considered several post-sentencing factors supporting Abney's request. For example, the District Court considered Abney's clean disciplinary record as well as his rehabilitative and educational efforts while serving his sentence, in addition to his various physical ailments.[8] In short, the District Court covered all the bases in its review.

Abney next argues that the District Court failed to consider the denial of his necessary medical care.[9] This argument fails for two reasons. First, Abney's contention that the District Court failed to consider his lack of medical care is factually incorrect.[10] More importantly, his argument misapprehends the basis for the District Court's decision. The District Court concluded Abney "adequately demonstrated that extraordinary and compelling reasons exist" to reduce his sentence.[11] But demonstrating extraordinary and compelling reasons for a sentence reduction is only half the battle. A district court must also "consider[] the factors set forth in section 3553(a)" and determine that a sentence

---

[7] Appellant's Br. at 4.

[8] *Abney*, No. 1:14-cr-00070-YK-5, at 7–11.

[9] Appellant's Br. at 5.

[10] The District Court noted that Abney "was referred for scans of his abdomen and pelvis, and there are notes in his record regarding a need for him to receive a surgical consult related to a potential revision of his colostomy, but there is no indication that he ever received these scans or surgical follow-up." *Abney*, No. 1:14-cr-00070-YK-5, at 7 (internal citations omitted).

[11] *Abney*, No. 1:14-cr-00070-YK-5, at 9.

reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[12] Those factors include, among other things, "the history and characteristics of the defendant,"[13] and "the need for the sentence imposed . . . to reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant."[14] On this step the District Court considered Abney's criminal history, which includes drug trafficking, robbery, and murder. It also considered his persistent failure "to follow the directives of supervising authorities" before concluding that "the [§] 3353(a) factors support leaving [Abney's] original sentence intact."[15] Given Abney's extensive criminal history and our deferential standard of review, we cannot say that conclusion was a "clear error of judgment."[16]

Last, Abney argues that his case is similar to others where district courts have granted motions for compassionate release to defendants who were convicted of violent or serious offenses. This argument also fails. To start, we are not bound by district court decisions.[17] And in each of the cases Abney cites, the District Court determined that the defendant was no longer "a danger to the safety of any other person or to the

---

[12] § 3582(c).
[13] § 3553(a)(1).
[14] *Id.* (a)(2)(A), (C).
[15] *Abney*, No. 1:14-cr-00070-YK-5, at 10–11 (quotation omitted).
[16] *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).
[17] *See Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017).

community,"[18] or that the § 3353(a) factors weighed in favor of a sentence modification.[19] As discussed, the District Court considered Abney's significant criminal history and risk of recidivism before concluding his health conditions did not warrant a sentence reduction.[20] That decision was reasonable and consistent with our caselaw.[21]

For these reasons, we will affirm.

---

[18] *United States v. McElrath*, No. 3-cr-235, 2020 WL 5423067, at *2 (D. Minn. Sept. 10, 2020) (quoting U.S.S.G. § 1B1.13(2)); *United States v. Webber*, No. 3:07-cr-00041-02, 2020 WL 6706346, at *4 (N.N.D. Nov. 13, 2020) (quoting U.S.S.G. § 1B1.13(2)).

[19] *United States v. Stephenson*, 461 F. Supp. 3d 864, 874–75 (S.D. Iowa 2020); *United States v. Sparkman*, No. 09-cr-0332-07, 2020 WL 6781793, at *8–11 (N.D. Ill. Nov. 18, 2020).

[20] *Abney*, No. 1:14-cr-00070-YK-5, at 7–11.

[21] *See, e.g.*, *Pawlowski*, 967 F.3d at 331 (affirming denial of motion for compassionate release in part because of the seriousness of defendant's crimes).